IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
SAMUEL BELSITO,                          : CASE NO.  1:06 CV 02479
                                         :
                     Plaintiff,          :
                                         :
     -vs-                                :
                                         :
                                         : MEMORANDUM AND ORDER
JEFFREY F. JOHNSON, et al.,              : GRANTING DEFENDANTS' MOTION
                                         : TO DISMISS FOR LACK OF
                     Defendants.         : PERSONAL JURISDICTION.
------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

  The defendants in this diversity tort dispute, Jeffrey Johnson and Roger Baker of Canton, Michigan, and Steven Giovanni dba as Eagle Towing & Recovery, of Florida (collectively "Defendants") move to dismiss plaintiff Samuel Belsito's ("Mr. Belsito") action for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2).  (Doc. 7). The motion is fully briefed with the filing of Mr. Belsito's response.  (Doc. 10).

  For the reasons set forth below, the Court will grant the defendants' motion to dismiss for lack of personal jurisdiction.

  The Court recounts the following relevant facts in this matter.  Mr. Belsito brings this negligence suit to recover compensatory damages of between $130,000.00 and $140,000.00 from Mr. Johnson and Mr. Baker for the loss incurred to his 41 foot Chris-Craft "Cigarette" boat when, as it was being towed through the state of Florida on 14

June 2006, it fell from its trailer onto the highway and was subsequently struck by passing traffic. (Complaint, ¶¶ 26). Mr. Belsito's Complaint further maintains that Mr. Giovanni, a citizen of Florida was negligent in his recovery, towing and storage of the boat. (Complaint, ¶ 32). The plaintiff seeks $16,000.00 in compensatory damages from Mr. Giovanni.

As averred in Mr. Belsito's complaint, Defendants Johnson and Baker were towing the plaintiff's boat from Florida to Canton, Michigan where they reside. (¶¶ 3, 4, 13). The Complaint notes that prior to this incident Mr. Belsito, a resident of Cleveland, Ohio met with Johnson and Baker at a "Toledo area exit" to provide the two defendants with four 20-ton straps with which to secure the boat. (¶ 14). The complaint notes, further, that Mr. Johnson is a friend of Mr. Belsito's who offered to bring the plaintiff's boat back from Florida to Michigan in order to be allowed to use the boat until 4 July 2006, after which time the defendant would return the boat to the plaintiff in Cleveland, Ohio. (¶ 13). Finally, the Complaint maintains that Mr. Giovanni dba as Eagle Towing and Recovery was called upon by the Florida Department of Safety to remove and store the plaintiff's boat after it had fallen onto the highway. (Complaint ¶ 29).

**I. Standard of Review**

In a motion to dismiss for lack of personal jurisdiction the plaintiff bears the burden of proving that jurisdiction exists. Youn v. Track, Inc., 324 F.3d 409, 417 (6th Cir. 2003) (citing Neogen Corp. v. Neo Gen Screening, Inc., 282 F.3d 883, 887-88 (6th Cir.2002)). The plaintiff's burden of persuasion hinges upon whether the Court conducts an evidentiary hearing.

When, as in this instance, there is no evidentiary hearing, the plaintiff must make only a prima facie showing and the pleading and affidavits are viewed in the light most favorable to the plaintiff.  Neogen, 282 F.3d at 887.  In addition, the Court cannot consider facts proffered by the defendant that conflict with any offered by the plaintiff.  Bird v. Parsons, 289 F.3d 865, 871 (6th Cir.2002).  Mr. Belsito bears the burden of proving this Court has personal jurisdiction.

Federal courts apply the law of the forum state when determining whether personal jurisdiction exists.  Youn, 324 F.3d at 417; Bird v. Parsons, 289 F.3d at 871.  If personal jurisdiction exists under the forum state's long-arm statute, the court then must determine whether personal jurisdiction would comport with the Due Process Clause of the U.S. Constitution.  Id.

For the purpose of the Constitutional Due Process analysis, there is a distinction between general and specific jurisdiction.  Youn, 324 F.3d at 417.  However, either one is an adequate basis for personal jurisdiction.  Id.

General jurisdiction exists when the defendant's contacts with the forum state are "substantial" and "continuous and systematic," so that the state may exercise personal jurisdiction even if the action does not relate to the defendant's contacts with the state.  Id. at 418.  Specific jurisdiction exists when the contacts giving rise to jurisdiction relate to the claim that is before the court.  Id.

The Sixth Circuit has established a three-part test for determining whether specific jurisdiction exists.  Id.  For specific personal jurisdiction to exist; (1) a defendant must purposefully avail itself of the privilege of acting in the forum state; (2) the cause of action must arise from the defendant's activities in the forum state; and (3) the acts of

3

the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.  Id.  (citing Southern Machine Co. v. Mohasco Industries, Inc., 401 F.2d 374, 381 (6th Cir.1968)).  When a state's long-arm statute extends to the limits of Due Process, a Court may collapse its long-arm analysis into its due process analysis.  Matrix Essentials, Inc. v. Harmon Stores, Inc., 205 F.Supp.2d 779, 783 (N.D. Ohio 2001) (citing CMS Generation Co. v. Spectrum Technologies U.S.A., Inc., 69 F.Supp.2d 915, 919 (E.D. Mich.1999)).

In this instance, Ohio is the forum state and the Ohio Supreme Court has determined that Ohio's long-arm statute does not extend to the limits of due process. Goldstein v. Christiansen, 70 Ohio St. 3d 232, 638 N.E. 2d 541, 545 n. 1 (Ohio 1994); see also, Calphalon Corp. v. Rowlette, 228 F.3d 718, 721 (6th Cir. 2000).  Therefore, this Court must determine if personal jurisdiction is present under Ohio's long-arm statute and, if so, whether personal jurisdiction comports with the Due Process Clause of the U.S. Constitution.

**II.  Law and Analysis**

The defendants seek dismissal of Mr. Belsito's Complaint for lack of personal jurisdiction because the defendants allege they lack the minimum contacts with Ohio required to establish either general or specific personal jurisdiction and, Ohio's long-arm statute, O.R.C. § 2307.382, does not confer personal jurisdiction over the defendants in Ohio. (Doc. 7, pp. 2-3).  Specifically, the defendants maintain personal jurisdiction under Ohio's long-arm statute is not available because the "Complaint does not allege that any of the Defendants were transacting business in Ohio, contracting to supply services or

4

goods in Ohio or that the alleged damages were caused by any act or omission that occurred in whole or in part in the State of Ohio." (Doc. 7, pp. 3-4).

Mr. Belsito argues for personal jurisdiction on the basis of the lone visit by Mr. Baker and Mr. Johnson to a "Toledo area exit" to pick up the boat straps from Mr. Belsito. The plaintiff also contends Mr. Baker and Mr. Johnson were going to drive through Ohio on their way to Michigan. The record indicates no further contact by the defendants with the state of Ohio.

### A. Ohio's Long-Arm Statute

Mr. Belsito must first make a prima facie showing that the defendants are subject to Ohio's long-arm statute.

Ohio's long-arm statute provides, in pertinent part, that a court may exercise personal jurisdiction over a cause of action arising from a person':

. . .

(3) Causing tortious injury by an act or omission in this state;

(4) Causing tortious injury in this state by an act or omission outside this state if he [or she] regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
. . .

(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he [or she] might reasonably have expected that some person would be injured thereby in this state;

O.R.C. § 2307.382(A)(3, 4, 6).

The facts as alleged by Mr. Belsito simply do not give rise to this Court's personal jurisdiction over the defendants in this cause of action. Acting as a friend, Mr. Johnson

5

agreed to bring Mr. Belsito's boat back from Florida and received boat straps from the plaintiff at a "Toledo area exit" prior to the trip. The accident, which is the subject of this suit, occurred in Florida.

Based upon these factual allegations, the defendants lack the necessary contacts to be subject to personal jurisdiction under Ohio's long-arm statute.

### B. Due Process Analysis

Having determined that personal jurisdiction over the defendants does not exist under Ohio's long-arm statute, the Court next considers whether exercising either general or specific personal jurisdiction over the defendants comports with the Due Process Clause of the U.S. Constitution. Mr. Belsito does not argue that the Court has general jurisdiction over the defendants. Accordingly, the Court considers whether specific jurisdiction exists.

The Court's central inquiry is whether minimum contacts are satisfied so as not to offend "traditional notions of fair play and substantial justice." Calphalon v. Rowlette, 228 F.3d 718 (2000) (citing Cole v. Mineti, 133 F.3d 433, 436 (6th Cir.1998) and Goldstein v. Christiansen, 70 Ohio St.3d 232, 638 N.E.2d 541, 545 n. 1 (Ohio 1994)(per curiam)); see International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The Court employs three criteria to make this determination:

> (1) the defendant must purposefully avail itself of the privilege of acting in the forum state or causing a consequence in the forum state;
> 
> (2) the cause of action must arise from the defendant's activities there; and
> 
> (3) the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

6

Youn v. Track, Inc., 324 F.3d 409, 418 (6th Cir.2003).

### 1. Defendants did not purposefully avail themselves

"The purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous' or 'attenuated' contacts." Burger King v. Rudzewicz, 471 U.S. 462, 475 (1985).

The defendant's conduct and connection to the forum state must be such that it may reasonably anticipate being haled into court there.  Burger King, 471 U.S. at 474-75.  This Circuit recognizes that a defendant purposefully avails itself of the privilege of conducting business in the forum state when the defendant transacts business by negotiating and executing a contract via telephone calls and letters to a resident of the forum state.  Cole v. Mileti, 133 F.3d 433, 436 (6th Cir.1998), cert. denied, 525 U.S. 810 (1998).  However, the existence of a contract, alone, is not purposeful availment.  Prior negotiations and contemplated future consequences along with the terms of the contract and the parties' actual course of dealing must be evaluated. Healthcare Capital, LLC v. Healthmed, Inc., 213 F.Supp.2d 850, 860 (S.D. Ohio 2002) (citing Nationwide Mutual Insurance Co. v. Tryg International Insurance Co., Ltd., 91 F.3d 790, 795 (6th Cir.1996)).

Mr. Belsito presents scant evidence of any contact with Ohio by Mr. Johnson and Mr. Baker.  Further, it is clear that Mr. Giovanni was contracted to the state of Florida to remove and store the boat after the accident.  The evidence before the Court indicates the defendants' contacts with Mr. Belsito in Ohio, with regard to the subject of this suit, were attenuated.

7

Pursuant to the criteria articulated in Youn, the determination that the defendants have not purposefully availed themselves of the Ohio forum precludes a finding that this Court's exercise of personal jurisdiction is permissible because all three elements of specific jurisdiction must be met in order for the exercise of personal jurisdiction to be appropriate.  See Southern Machine Co. v. Mohasco Industries, Inc., 401 F.2d 374, 381 (6th Cir.1968).  Thus, the Court need not address the further criteria for personal jurisdiction outlined in Youn.

Because Mr. Belsito has not sufficiently demonstrated that the defendants purposefully availed themselves of the Ohio forum, the assertion of personal jurisdiction over any one defendant would offend traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

As such, this Court will grant the defendants' motion to dismiss the instant action for want of personal jurisdiction.

IT IS SO ORDERED.

                                        /s/Lesley Wells
                                  UNITED STATES DISTRICT JUDGE

Dated: 8 June 2007